IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALBERT J. GOLDBERGER,

    Plaintiff,

v.                                                                                                                               No. 21-cv-0199 SMV

U.S. DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND**
**GRANTING LEAVE TO FILE AN AMENDED COMPLAINT**

THIS MATTER is before the Court on pro se Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 [Doc. 1] ("Complaint"), filed on March 8, 2021, and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 3], filed on March 8, 2021. For the reasons stated below, the Court will grant Plaintiff's Application to proceed *in forma pauperis* [Doc. 3] and grant Plaintiff leave to file an amended complaint.

**Application to Proceed *in Forma Pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed *in forma pauperis*, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed. App'x 879, 884 (10th Cir. 2010) (quoting *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs[.]" *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339 (internal quotations omitted).

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 3]. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's expected income next month is $1,460.00; (ii) Plaintiff's monthly expenses total $5,453.00; (iii) Plaintiff has $7,049.69 in bank accounts; and (iv) Plaintiff's employer closed its Albuquerque plant in December 2019, Plaintiff received severance salary until June 2020, and is currently unemployed.[1] The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of these proceedings and because his monthly expenses exceed his monthly income. *See id.* Thus, Plaintiff may proceed *in forma pauperis*.

## The Complaint

Plaintiff alleges that he "timely filed" a copy of his "2014 U.S. Individual Income Tax Return in April 2018, claiming a refund of $5,550.00." [Doc. 1] at 2.

> In July or August of 2018, IRS sent me a letter stating that I had filed a copy of my 2014 tax return and not my original 2014 tax return. I responded to the IRS letter

---

[1] Under item 11 of his Application, Plaintiff states that he is currently employed by Amethyst Professional Services. [Doc. 3] at 5. However, under item 1, he indicates that he has no employment income, and under item 2, he states that his employment at Amethyst Professional Services, with monthly pay of $739.60, ended in December 2020. *Id.* at 1–2.

2

>in September of 2018 with my original 2014 tax return. I then received IRS letter 105C dated March 8, 2019, stating that my claim for refund was denied by the IRS as the IRS Refund Statute Expiration Date (RSED) to claim a refund for 2014 had expired on April 15, 2018[,] and per the IRS[,] my 2014 tax return had not been received.

*Id.* The Complaint also alleges that "[a]ll elements required to constitute a legal tax return (and thus all elements necessary to process my return) were present on the copy of my 2014 tax return that I filed in April 2018." *Id.* at 3.

Liberally construing the Complaint, because Plaintiff is proceeding pro se, it appears that Plaintiff may be asserting two claims regarding the denial of his tax refund claim: (i) a statutory claim, because he timely filed a copy of his 2014 IRS tax return and is suing the United States Department of the Treasury, Internal Revenue Service; and (ii) a civil rights claim based on a due process violation, because he states: "My due process has been violated as the IRS did not accept and process the signed dated copy of my 2014 U.S. Individual Income Tax Return." *Id.* Plaintiff used the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" to file his Complaint. *Id.* at 1. Because a § 1983 action can only be brought against defendants acting under color of state law, and because the only defendant in this case is a federal agency, the Court construes any civil rights claims Plaintiff may be asserting as a *Bivens* action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675–76 (stating that *Bivens* actions are the "federal analog" to § 1983 actions).

First, it appears that Plaintiff may be asserting a statutory claim because he is suing the United States Department of the Treasury, Internal Revenue Service. In addition, Plaintiff states:

>I am currently seeking an administrative appeal with the IRS. To date[,] I have not received a determination back from the IRS. The IRS has recommended that I file suit with the U.S. District Court, in order to preserve my right to do so[,] prior to the IRS expiration date of March 8, 2021.

[Doc. 1] at 5. However, the Complaint fails to state a statutory claim upon which relief can be

granted because the Complaint does not state with particularity, or reference the relevant statutes or regulations, sufficient information showing that Plaintiff is entitled to a tax refund. The Complaint contains conclusory allegations that Plaintiff's April 2018 filing of a copy of his 2014 tax return was "timely," and suggests that a copy, as opposed to the original, of his 2014 tax return complied with the relevant statutes and regulations. *See* [Doc. 1] at 2–3.

Furthermore, the Complaint fails to state a *Bivens* claim because the only Defendant named in this case is the United States Department of the Treasury, Internal Revenue Service. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the U.S. Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). A "*Bivens* claim can be brought only against federal officials in their individual capacities. *Bivens* claims cannot be asserted directly against the United States, federal officials in their official capacities, or federal agencies." *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) (internal citations omitted).

Moreover, even if the *Bivens* claim named a proper defendant, the Complaint also fails to state a due process claim. The Due Process Clause of the Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The due process protection of the Fifth Amendment has two components, a substantive due process component and a procedural due process component. *See United States v. Salerno*, 481 U.S. 739, 746 (1987). The substantive due process component precludes "the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty." *Id.* (internal quotations and citations omitted). The procedural due

process component precludes the government from depriving a person of life, liberty, or property in an unfair manner. *Id.*; *see also United States v. Jones*, 160 F.3d 641, 645 (10th Cir. 1998) ("The fundamental requirement of [procedural] due process is the opportunity to be heard at a meaningful time and in a meaningful manner.") (internal quotation and citation omitted). In this case, the Complaint does not contain any factual allegations showing that the denial of a tax refund shocks the conscience or unfairly deprived Plaintiff of a tax refund. *See generally* [Doc. 1]. Thus, it does not state a due process claim.

## Proceeding *in Forma Pauperis*

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed. App'x 800, 802 (10th Cir. 2016) ("[A] pro se complaint filed under a grant of [*in forma pauperis*] can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim . . . only where it is obvious that . . . it would be futile to give him an opportunity to amend.").

In this case, while the Complaint can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend. Therefore, the Court will grant Plaintiff leave to file an amended complaint.

## Service on Defendant

Section 1915 provides that the "officers of the court shall issue and serve all process[] and perform all duties in [proceedings *in forma pauperis*]." 28 U.S.C. § 1915(d). The Court will not order service of Summons and Complaint on Defendant at this time because the Complaint fails to state a claim upon which relief can be granted. The Court will order service if Plaintiff files:

(i) an amended complaint that states a claim over which the Court has jurisdiction; and (ii) a motion for service which provides Defendant's address.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff file an amended complaint no later than **April 5, 2021**. Failure to timely file an amended complaint may result in dismissal of this case.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**